
# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| STEVENSON MOORE,<br><br> Petitioner,<br><br>v.<br><br>WILLIAM BARR, et al.,<br><br> Respondents. | Case No.: 4:18-cv-01722-LSC-HNJ |

## **MEMORANDUM OPINION**

The magistrate judge filed a report and recommendation on November 7, 2019, recommending that this petition for *habeas corpus* relief filed pursuant to 28 U.S.C. § 2241 be dismissed without prejudice. (Doc. 26). The petitioner was notified of his right to file objections within fourteen (14) days. (*Id*). The petitioner responded by filing a response to the respondents' answer, which the court construes as objections. (Doc. 27).

At the time the petitioner originally filed this action, a final order of removal had not yet been entered against him. Based on the petitioner's 34-month detention at that time, the magistrate judge entered a report and recommendation that, as a lawful permanent resident, due process required the petitioner be provided with a bond hearing. (Doc. 16). After entry of that report and recommendation, but prior to entry of a final order in this court, the Board of Immigration Appeals entered a final administrative decision in the underlying removal action. (Doc. 24-1). As the basis for

the petitioner's detention thus shifted from 8 U.S.C. § 1225(b)(2)(A) to 8 U.S.C. § 1231(a)(2), the magistrate judge withdrew the report and recommendation entered on May 3, 2019. (Doc. 25). The magistrate judge further provided the petitioner with an opportunity to file an amended habeas petition pursuant to § 2241, addressing his detention based on the entry of a final order of removal. (*Id.*).

When the petitioner failed to file an amended petition, the magistrate judge construed the instant petition to include a challenge to the petitioner's post-final removal order detention. (Doc. 26). Thus considering the petition as a challenge to detention pursuant to 8 U.S.C. § 1231(a), the magistrate judge recommended dismissal of this action as prematurely filed based on Eleventh Circuit precedent. (*Id.*). Specifically, *Akinwale v. Ashcroft*, 287 F.3d 1050, 1051-52 (11th Cir. 2002), requires a petitioner demonstrate post-removal order detention greater than six months at the time his petition is filed.

In his response, the petitioner challenges ICE's authority to issue warrantless detainers, challenges the validity of his removal proceedings before the Immigration Judge and the Board of Immigration Appeals, and asserts his detention falls under § 1227 rather than § 1231. (Doc. 27 at 4-5). None of these arguments address the sole issue before this court: Whether the petitioner's detention has exceeded the time limitations set forth by 8 U.S.C. § 1231, *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding upon entry of a final order of removal, six months is a presumptively reasonable amount of time for the government to achieve removal), and *Akinwale*, 287

F.3d at 1052 (requiring "[t]his six-month period thus must have expired at the time [the] § 2241 petition was filed in order to state a claim under *Zadvydas*.").

The Board of Immigration Appeals' decision bears the entry date of July 12, 2019. (Doc. 24-1). Thereafter, the petitioner filed a petition for review and received a stay of removal in the Second Circuit Court of Appeals. *Moore v. Barr*, Case No. 19-2344 (2nd Cir. Aug. 28, 2019) (doc. 41). Under the law of this Circuit, that stay of removal further suspends the time period set forth by § 1231(a)(1). *See e.g., Guo Xing Song v. U.S. Atty Gen.,* 516 F.App'x 894, 899 (11th Cir. 2013). Until six months of unencumbered post-removal detention elapses, the petitioner cannot make the showing required for relief.[1]

After a *de novo* consideration of the entire file in this action, including the report and recommendation and the petitioner's further response, the court **OVERRULES** the petitioner's objections, **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation. The court finds that the petition for writ of habeas corpus is due to be **DISMISSED WITHOUT PREJUDICE**.

A separate order will be entered.

---

[1] Although the petitioner asserts that his "post-removal detention has now exceeded this mandatory 90-day detention period, and is more than 6 months duration," (doc. 27 at 9), the Board of Immigration Appeals entered the final order of removal on July 12, 2019 (doc. 24-1). Six months from that date has not elapsed, even if the petitioner's motion for stay filed in the Second Circuit had no tolling effect.

3

**DONE** and **ORDERED** on December 16, 2019.

_____
L. Scott Coogler
United States District Judge

160704